**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Rick Gorley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | **RE § 1915 SCREENING** |
| | ) | |
| Metroplains, | ) | Case No. 1:08-cv-085 |
| | ) | |
| Defendant. | ) | |

## I.     BACKGROUND

On October 1, 2008, the plaintiff, Rick Gorley ("Gorley"), lodged a complaint along with

an application to proceed without prepayment of fees.  His complaint alleges:

> There is an eviction order to evict me.  There exists a three-way contract between
> tenant, landlord, and PHA.  Third party (PHA) was not at eviction hearing.  PHA is
> culpable party.

(Docket No.  1).

## II.     DISCUSSION

### A.     Standard of Review

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the

court may authorize the commencement of a suit without prepayment of fees by a person submitting

a financial affidavit evincing an inability to pay.  See 28 U.S.C. § 1915(a)(1).  Notwithstanding

financial eligibility, the court may dismiss a case at any time if it concludes the action is frivolous

or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from

such relief.  See 28 U.S.C. § 1915(e)(2).[1]

In applying the provisions of § 1915(e)(2), the court must give the *pro se* complaint the benefit of a liberal construction  and not dismiss the complaint unless it is clear beyond doubt that there is no set of facts that would entitle the plaintiff to relief.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaints are "subject to less stringent standards than formal pleadings drafted by lawyers"); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996).  In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional).  "A complaint is frivolous if it lacks an arguable basis in law or fact."  Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989)).  "It lacks an arguable basis in law if the claim is based on an indisputable meritless legal theory."  Id.

**B.      28 U.S.C. § 1915(e)(2) Screening**

Gorley's complaint does not set forth a claim of constitutional dimension or allege a violation of federal law.  Moreover, it does not establish an apparent basis for federal court jurisdiction.  Finally, it is questionable whether this court has the authority to intervene in what appears to be a matter that is the subject of a state court proceeding.

---

[1]  28 U.S.C. § 1915(e)(2) states the following:

(2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A)  The allegation of poverty is untrue; or

    (B)  the action or appeal–

        (i)  is frivolous or malicious

        (ii)  fails to state a claim on which relief may be granted; or

        (iii)  seeks monetary relief against a defendant who is immune from such relief.

### III.    <u>CONCLUSION AND RECOMMENDATION</u>

Gorley has neither stated a claim upon which relief can be granted nor established a basis for this court's exercise of jurisdiction over this matter. The undersigned therefore **RECOMMENDS** that Gorley's complaint be dismissed without prejudice to the filing of either a paid complaint or a complaint that cures the foregoing deficiencies.  <u>See Denton v. Hernandez</u>, 504 U.S. at 34; <u>Wilson v. Johnston</u>, 68 Fed.Appx. 761 (8th Cir. 2003) (per curiam).  As an aside, Gorley should take note that Legal Services of North Dakota <u>may</u> be able to provide him with assistance and/or additional information.  Legal Services of North Dakota  has an office in Bismarck at the following address:

> 1025 N 3rd St
> PO Box 2419
> Bismarck, North Dakota 58502

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D.Civ.  L.R. 72.1(D)(3), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken.

Dated this 3rd day of October, 2008.

*/s/  Charles S.  Miller, Jr.*
Charles S.  Miller, Jr.
United States Magistrate Judge
